1  JAMES W. HARLOW
   Trial Attorney
2  Consumer Protection Branch
   U.S. Department of Justice
3  P.O. Box 386
   Washington, D.C. 20044
4  PHONE: (202) 514-6786
   FAX: (202) 514-8742
5  E-MAIL: James.W.Harlow@usdoj.gov
   MD Bar (no ID numbers issued)
6
   Attorney for Plaintiff
7

8              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9

10 United States of America,            )   CASE NO.
                                        )
11        Plaintiff,                     )
                                        )
12   v.                                  )   **COMPLAINT FOR PERMANENT**
                                        )   **INJUNCTION, CIVIL PENALTIES**
13 Yelp Inc.,                            )   **AND OTHER RELIEF**
                                        )
14                                       )
          Defendant.                     )
15 _____   )

16

17 Plaintiff, the United States of America, acting upon notification and authorization to the Attorney

18 General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges

19 that:

20

21        1.       Plaintiff brings this action under Section 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19

22 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b),

23 56(a), and 57b, and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection

24 Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), to obtain monetary civil penalties, a

25 permanent injunction, and other equitable relief for Defendant's violations of the Commission's

26 Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312.

27

28

COMPLAINT                              1

1

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction over this matter under 28 U.S.C.

§§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

3.     Venue is proper in the Northern District of California under 15 U.S.C. § 53(b) and

28 U.S.C. §§ 1391(b) – (d) and 1395(a).

**INTRADISTRICT ASSIGNMENT**

4.     Defendant Yelp Inc. has its primary place of business in the county of San

Francisco.

**THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE**

5.     Congress enacted COPPA in 1998 to protect the safety and privacy of children

online by prohibiting the unauthorized or unnecessary collection of children's personal

information online by operators of Internet websites and online services.  COPPA directed the

Commission to promulgate a rule implementing COPPA.  The Commission promulgated the

Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, on November 3, 1999, under

Section 1303(b) of COPPA, 15 U.S.C. 6502(b), and Section 553 of the Administrative Procedure

Act, 5 U.S.C. § 553.  The Rule went into effect on April 21, 2000.

**DEFENDANT**

6.     Defendant Yelp Inc. ("Yelp"), is a Delaware corporation with its principal place

of business located at 140 New Montgomery Street, 9th Floor, San Francisco, California 94105,

and transacts or has transacted business in the Northern District of California. Yelp markets and

provides online services to consumers throughout the United States.  Specifically, Yelp operates

a website located on the Internet as well as mobile applications that allow users to search for and

review local businesses.

COMPLAINT

**COMMERCE**

7.      At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S BUSINESS PRACTICES**

8.      Since 2004, Yelp has provided a free service that aims "to connect people with great local businesses" and purports to be the "leading local guide for real word-of-mouth on everything from boutiques and mechanics to restaurants and dentists."  Yelp allows users to read and create reviews of local businesses, and connect with other users online and at local events. Businesses may advertise with Yelp, communicate with users publicly and privately, and create special deals for Yelp users.

9.      In 2008, Yelp launched its first mobile application for Apple, Inc.'s iOS operating system.  Since then, Yelp has released mobile applications for Google, Inc.'s Android operating system, and for Microsoft Corporation's Windows Phone operating system, Blackberry, Ltd.'s Blackberry operating system, and Palm, Inc.'s webOS operating system.

10.     Consumers can register for and access Yelp's service through an Internet website (www.yelp.com), a mobile Internet website (m.yelp.com), and mobile applications for the iOS and Android operating systems ("Yelp App").

11.     Users of Yelp's service are able to post content on Yelp, including photos of themselves and profiles with detailed information about themselves.  Globally, Yelp had an average monthly total of approximately 102 million unique visitors over the first quarter of 2013.

12.     The Yelp App offers some of the same user functions as the website and mobile site, including the ability to upload photos, and, on some devices, post reviews.  In addition, Yelp App users can "check in," indicating their presence at businesses, and write "Tips" and

COMPLAINT

"Comments" about businesses.  Since January 1, 2011, the Yelp App has been downloaded more than 25 million times.

## DEFENDANT'S BUSINESS PRACTICES REGARDING
## COLLECTION OF INFORMATION FROM
## CHILDREN UNDER THE AGE OF 13

13.     For purposes of Paragraphs 13 through 29 herein, the terms "child," "collects," "collection," "disclosure," "Internet," "operator," "parent," "personal information," "verifiable consent," and "website or online service directed to children," are defined as those terms are defined in Section 312.2 of the COPPA Rule, 16 C.F.R. § 312.2.

14.     The Rule applies to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children. Among other things, the Rule requires website operators to meet specific requirements prior to collecting online, using, or disclosing personal information from children, including but not limited to:

      a.   posting a privacy policy on its website or online service providing clear, understandable, and complete notice of its information practices, including what information the website operator collects from children online, how it uses such information, its disclosure practices for such information, and other specific disclosures set forth in the Rule;

      b.   providing clear, understandable, and complete notice of its information practices, including specific disclosures, directly to parents when required by the Rule; and

      c.   obtaining verifiable parental consent prior to collecting, using, and/or disclosing personal information from children.

COMPLAINT

15.     In 2009, Defendant introduced a registration feature in the Yelp App, allowing users to register for new accounts through the application.   Previously, users could only register through the website, where Defendant had a screening mechanism to prohibit users under the age of 13 from registering.  However, Defendant failed to implement a functional age-screen mechanism in the new in-app registration feature.  As a result, the Yelp App accepted registrations from users who input dates of birth indicating they were under the age of 13.  Over a year later, as part of a mobile certification process, Defendant hired a third party who performed a privacy review of the Yelp App.  The July 2010 results of the third-party test erroneously noted that the iOS application prohibited registrations from users under the age of 13.  In fact, both the iOS and Android versions of the Yelp App accepted these registrations; indeed, an iOS user registered with an age under 13 the very same day as the test.  Defendant did not test the age-restriction aspect of the registration feature of the iOS version of the Yelp App again, and never tested it in the Android version.  From April 2009 to April 2013, both the iOS and Android versions of the Yelp App accepted registrations from users who inputted any date of birth, including dates of birth indicating that the user was under the age of 13.

16.     Users who initiated registration through the Yelp App by providing a first name, last name, email address, and ZIP code and, possibly, any date of birth and gender, were then required to confirm their email addresses to complete their registration.  All users who completed registration, including those who provided birthdates indicating that they were under 13, were granted full access to the Yelp service through the Yelp App and the Yelp website.  For example, they could add information to their personal profiles, including photos, their current city, hometown, and any other information they chose to provide in free-form text fields.  They could also "check-in" at local businesses, and post "Tips" and "Comments" about such businesses.

COMPLAINT

17.     Yelp also collected certain information automatically from the phones of Yelp App users.  Specifically, Yelp collected users' Mobile Device IDs, or unique identifiers assigned to devices, in order to obtain metrics about its mobile user base.  In addition, in order to provide location-based services such as local search results, Yelp collected the precise locations of users' phones based on Global Positioning Systems contained in the phones of those users who chose to allow Yelp to use their location.

18.     As set forth in Paragraphs 15 through 17, Defendant collected personal information, including but not limited to full names and email addresses, from several thousand individuals who input birthdates indicating that they were between the ages of 9 and 13.  A portion of these users completed the registration process and thus were able to post reviews and provide other information through Yelp's service.

19.     Because Defendant collected information from users who provided birthdates indicating that they were under 13, Yelp is deemed to have had "actual knowledge" under the COPPA Rule that it was collecting information from several thousand children under 13, in violation of the COPPA Rule.

20.     Despite the fact that Yelp's Privacy Policy states that Yelp "is intended for general audiences and is not directed to children under 13," by failing to implement a functional age-screen, Yelp:

      a.     did not clearly, completely, or accurately disclose all of Defendant's information collection, use, and disclosure practices for children under age 13, as required by the Rule;

      b.     did not provide parents with a direct notice of its information practices prior to collecting, using, or disclosing children's personal information; and

COMPLAINT

c.   did not obtain verifiable consent from parents prior to collecting, using, or disclosing children's personal information.

## DEFENDANT'S VIOLATION OF THE COPPA RULE

21.   In numerous instances, in connection with operating the Yelp App, Defendant collected, used, and/or disclosed, with actual knowledge, personal information online from children under the age of 13.  In doing so, Defendant failed to: (1) provide sufficient notice on its website or online services of the information it collects online from children, how it uses such information, and its disclosure practices, among other required content; (2) provide direct notice to parents of the information Defendant collects online from children, how it uses such information, and its disclosure practices for such information, among other required content; and (3) obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children.

22.   Defendant is an "operator" as defined by the COPPA Rule, 16 C.F.R. § 312.2.

23.   Through the means described in Paragraphs 15 through 20 above, Defendant violated:

a.   Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b), which requires an operator to provide sufficient notice on its website or online services of the information it collects online from children, how it uses such information, and its disclosure practices for such information, among other required content;

b.   Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c), which requires an operator to provide direct notice to parents of the information Defendant collects online from children, how it uses such information, and its

COMPLAINT

disclosure practices for such information, among other required content; and

c.   Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1), which requires an operator to obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children.

24.   Defendant's acts or practices, as described in Paragraph 23 above, violated the COPPA Rule, 16 C.F.R. Part 312.

25.   Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THE COURT'S POWER TO GRANT RELIEF

26.   Defendant violated the Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

27.   Each collection, use, or disclosure of a child's personal information in which Defendant violated the Rule in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

28.   Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $16,000 for each such violation of the Rule on or after February 10, 2009.

29.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.

## PRAYER

WHEREFORE, Plaintiff United States of America, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b) and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), and the Court's own equitable powers, requests that the Court:

(1)     Enter a permanent injunction to prevent future violations of the COPPA Rule by Defendant;

(2)     Award Plaintiff monetary civil penalties from Defendant for each violation of the COPPA Rule alleged in this Complaint; and

(3)     Award such other and additional relief as the Court may determine to be just and proper.

Dated:  September 16, 2014

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE FEDERAL TRADE COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

CHRISTOPHER OLSEN
Assistant Director
Division of Privacy and Identity Protection

MELINDA CLAYBAUGH
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
(202) 326-2203 (voice)
(202) 326-3062 (fax)

NITHAN SANNAPPA
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
(202) 326-3185 (voice)
(202) 326-3062 (fax)

**FOR PLAINTIFF
THE UNITED STATES OF AMERICA:**

JOYCE R. BRANDA
Acting Assistant Attorney General

JONATHAN F. OLIN
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director

ANDREW E. CLARK
Assistant Director

/s/ James W. Harlow_____
JAMES W. HARLOW
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Phone: (202) 514-6786
Fax: (202) 514-8742
Email: James.W.Harlow@usdoj.gov
MD Bar (no ID numbers issued)

COMPLAINT