Case 3:14-cv-04163-RS   Document 11   Filed 09/22/14   Page 1 of 16

1  JAMES W. HARLOW
   Trial Attorney
2  Consumer Protection Branch
   U.S. Department of Justice
3  450 5th St. NW, Room 6400 S
   Washington, DC  20530
4  (202) 514-6786
   FAX: (202) 514-8742
5  E-MAIL: James.W.Harlow@usdoj.gov
   MD Bar (no ID numbers issued)
6
   Attorney for Plaintiff
7

8                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
9

10 United States of America,           )   CASE NO. 3:14-CV-4163
                                       )
11         Plaintiff,                  )
                                       )
12    v.                               )   **STIPULATED ORDER FOR**
                                       )   **PERMANENT INJUNCTION**
13 Yelp Inc.,                          )   **AND CIVIL PENALTY JUDGMENT**
                                       )
14                                     )
                                       )
15         Defendant.                  )

16

17
   Plaintiff, the United States of America, acting upon notification and authorization to the Attorney
18
   General by the Federal Trade Commission ("Commission"), filed its Complaint for Civil
19
   Penalties, Permanent Injunction, and Other Equitable Relief ("Complaint"), in this matter,
20
   pursuant to Sections 13(b), 16(a)(1), and 19 of the Federal Trade Commission Act ("FTC Act"),
21
   15 U.S.C. §§ 53(b), 56(a)(1), and 57b, the Children's Online Privacy Protection Act, 15 U.S.C.
22
   §§ 6502(c) and 6505(d), and the Commission's Children's Online Privacy Protection Rule
23
   ("COPPA Rule"), 16 C.F.R. Part 312.  Defendants have waived service of the summons and the
24
   Complaint.  The parties have been represented by the attorneys whose names appear hereafter.
25
   Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction
26
27
28
                                              1
STIPULATED ORDER
                                                    3:14-CV-4163

and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.	This Court has jurisdiction over this matter.

2.	The Complaint charges that Defendant participated in the collection of personal information from children in connection with operating a Web site or online service.  The Complaint further charges that Defendant:

	A.	violated the COPPA Rule by failing to provide notice to parents of its information practices, and to obtain verifiable parental consent prior to collecting, using, or disclosing personal information from children.

3.	Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.	Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.	Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.	"Child" means an individual under the age of 13.

B.	"Collects" or "collection" means the gathering of any personal information from a child by any means, including but not limited to:

2

1.     Requesting, prompting, or encouraging a child to submit personal information online;

2.     Enabling a child to make personal information publicly available in identifiable form, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a Web site or online service; a pen pal service; an electronic mail service; a message board; or a chat room; or

3.     Passive tracking of a child online.

C.     "Defendant" means Yelp Inc., a corporation, and its successors and assigns.

D.     "Delete" means to remove personal information such that it is not maintained in retrievable form and cannot be retrieved in the normal course of business;

E.     "Disclose or disclosure" means, with respect to personal information:

1.     The release of personal information collected by an operator from a child in identifiable form for any purpose, except where an operator provides such information to a person who provides support for the internal operations of the Web site or online service; and

2.     Making personal information collected by an operator from a child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a Web site or online service; a pen pal service; an electronic mail service; a message board; or a chat room.

For purposes of this definition:

(a)     "release of personal information" means the sharing, selling, renting, or transfer of personal information to any third party; and

3

      (b)    "support for the internal operations of the Web site or online service" means those activities necessary to:

           (i)    maintain or analyze the functioning of the Web site or online service;

           (ii)    perform network communications;

           (iii)    authenticate users of, or personalize the content on, the Web site or online service;

           (iv)    serve contextual advertising on the Web site or online service or cap the frequency of advertising;

           (v)    protect the security or integrity of the user, Web site, or online service;

           (vi)    ensure legal or regulatory compliance; or

           (vii)    fulfill a request of a child, *so long as* the information collected for the activities listed in paragraphs (i) through (vii) of this definition is not used or disclosed to contact a specific individual, including through behavioral advertising, to amass a profile on a specific individual, or for any other purpose.

F.    "Internet" means collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which comprise the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission.

4

G.  "Obtaining verifiable consent" means making any reasonable effort (taking into consideration available technology) to ensure that before personal information is collected from a child, a parent of the child:

    1.  Receives notice of the operator's personal information collection, use, and disclosure practices; and

    2.  Authorizes any collection, use, and/or disclosure of the personal information.

H.  "Online contact information" means an e-mail address or any other substantially similar identifier that permits direct contact with a person online, including but not limited to, an instant messaging user identifier, a voice over internet protocol (VOIP) identifier, or a video chat user identifier.

I.  "Operator" means any person who operates a Web site located on the Internet or an online service and who collects or maintains personal information from or about the users of or visitors to such Web site or online service, or on whose behalf such information is collected or maintained, or offers products or services for sale through that Web site or online service, where such Web site or online service is operated for commercial purposes involving commerce among the several States, or with one or more foreign nations; in any territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or foreign nation; or between the District of Columbia and any State, territory, or foreign nation.

J.  "Parent" includes a legal guardian.

K.  "Person" means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

L.  "Personal information" means individually identifiable information about an individual collected online, including:

5

1. A first and last name;
2. A home or other physical address including street name and name of a city or town;
3. Online contact information;
4. A screen or user name where it functions in the same manner as online contact information;
5. A telephone number;
6. A Social Security number;
7. A persistent identifier that can be used to recognize a user over time and across different Web sites or online services.  Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or a unique device identifier.
8. A photograph, video, or audio file where such file contains a child's image or voice;
9. Geolocation information sufficient to identify street name and name of a city or town; or
10. Information concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this definition.

M. "Third party" means any person who is not:

1. An operator with respect to the collection or maintenance of personal information on the Web site or online service; or

  2.  A person who provides support for the internal operations of the Web site or online service and who does not use or disclose information protected under this part for any other purpose.

N. "Web site or online service directed to children" means a commercial Web site or online service, or portion thereof, that is targeted to children.

## ORDER

### I. INJUNCTION CONCERNING COLLECTION OF PERSONAL INFORMATION FROM CHILDREN

IT IS FURTHER ORDERED that Defendant and Defendant's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with being an operator of any Web site or online service directed to children or of any Web site or online service with actual knowledge that it is collecting or maintaining personal information from a child, are hereby permanently restrained and enjoined from:

A. failing to make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives direct notice of Defendant's practices with regard to the collection, use, or disclosure of personal information from children, if any, including notice of any material change in the collection, use, or disclosure practices to which the parent has previously consented;

B. failing to post a prominent and clearly labeled link to an online notice of its information practices with regard to children, if any, on the home or landing page or screen of its Web site or online service, *and* at each area of the Web site or online service where personal information is collected from children, if such information is collected;

C. failing to obtain verifiable parental consent before any collection, use, or disclosure of

7

personal information from children, including consent to any material change in the collection, use, or disclosure practices to which the parent has previously consented; and

D.     violating the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, a copy of which is attached hereto as Appendix A.

## II.     INJUNCTION CONCERNING DELETION OF CHILDREN'S PERSONAL INFORMATION

IT IS FURTHER ORDERED that Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from:

A.     disclosing, using, or benefitting from personal information collected from children under 13 who registered or attempted to register with Yelp prior to entry of this Order; and;

B.     failing to destroy personal information collected from children under 13 who registered or attempted to register with Yelp that is in their possession, custody, or control within 30 days after entry of this Order.  *Provided, however*, that such personal information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

C.     Defendant need not destroy personal information collected from users who provided a birth date indicating that they were between 0 and 13 at the time they registered through the Yelp App, but who:  (1) subsequently affirmed to Yelp that they were older than 13 at the time of registration; or (2) Yelp can prove to the satisfaction of the Commission were older than 13 at the time of registration.

## III.     MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Four Hundred Fifty Thousand Dollars ($450,000) is entered in favor of Plaintiff against Defendant as a civil penalty.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Four Hundred Fifty Thousand Dollars ($450,000). Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

C. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E. Defendant acknowledges that its Taxpayer Identification Numbers, which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For ten (10) years after entry of this Order, Defendant, must deliver a copy of this Order to: (1) all principals, officers, and directors, (2) all employees, agents, and representatives having supervisory responsibilities relating to the collection, retention, storage, or security of personal information from children, if any, or who are responsible for preventing Yelp from collecting information from children; and (3) any business entity resulting from any change in

structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.  In such report, Defendant must:

    1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant;

    2. identify any businesses started by Defendant since entry of this Order by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    3. describe the activities of each such business, including the goods and services offered, the means of advertising, marketing, and sales;

    4. describe in detail whether and how Defendant is in compliance with each Section of this Order;

    5. provide a copy of each different version of any privacy notice posted on each English language Web site or online service operated by Defendant or sent to parents of children that register on each Web site or online service;

6. provide a statement setting forth in detail the methods used to obtain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children or the methods used to avoid collecting, using, and/or disclosing personal information from children;

7. provide a statement setting forth in detail the means provided for parents to review the personal information collected from their children and to refuse to permit its further use or maintenance; and

8. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For ten (10) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight

courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. Yelp Inc.

## VI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for ten (10) years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

B. pursuant to Section II.C of this Order, all affirmations from users that they were under 13 at the time of registration;

C. copies of all consumer complaints received relating to Defendant's collection of personal information from children and any responses; and

D. a copy of each materially different form, page, or screen created, maintained, or otherwise provided by Defendant through which Defendant collects personal information from children, if such information is collected, and a copy of each materially different document containing any representation regarding Defendant's collection, use, and disclosure practices pertaining to personal information from children. Each Web page copy shall be accompanied by the URL of the Web page where the material was posted online. Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information on the Internet.

## VII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.  The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

### VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this 22nd day of September, 2014.

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF UNITED STATES OF AMERICA**

JOYCE R. BRANDA
Acting Assistant Attorney General

JONATHAN F. OLIN
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director

ANDREW E. CLARK
Assistant Director

*/s/*

JAMES W. HARLOW
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th St. NW, Room 6400 S
Washington, DC 20530
(202) 514-6786
FAX: (202) 514-8742
E-MAIL: James.W.Harlow@usdoj.gov
MD Bar (no ID numbers issued)

**FOR THE FEDERAL TRADE COMMISSION**

*[signature]*

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

*[signature]*

CHRISTOPHER OLSEN
Assistant Director
Division of Privacy and Identity Protection

*[signature]*

MELINDA CLAYBAUGH
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326- 2203
(202) 326-3062
mclaybaugh@ftc.gov

*[signature]*

NITHAN SANNAPPA
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326- 3185
(202) 326-3062
nsannappa@ftc.gov

**FOR DEFENDANT:**

_____   Date: 4-21-2014

MARC J. ZWILLINGER
ZwillGen
1900 M, NW,
Suite 250
Washington, D.C. 20036
Tel: (202) 706-5202
Fax: (202) 706-5298
marc@zwillgen.com
*Counsel for Yelp Inc.*

**DEFENDANT:**

_____   Date: 4-15-2014

Jeremy Stoppelman
*As Chief Executive Officer of Yelp Inc.*